OPINION OF THE COURT
Fran L. Lubow, J.
Respondent moves for dismissal of the instant petition charg *715 ing the respondent with acts which if committed by an adult would constitute unlawful possession of a box cutter by a person under 22 years of age in a public place or on school premises in violation of Administrative Code of the City of New York § 10-134.1 (e) on the ground that “the deposition is notable for its failure to describe any criminal context other than mere possession of the item in question. Specifically, there is no allegation that the respondent was using or attempting to use this item in any unlawful matter.” The respondent further argues that Penal Law § 15.15 (2) requires that Administrative Code § 10-134.1 (e) be construed “as defining a crime of mental culpability.” The presentment agency has filed an answer opposing dismissal arguing that the sworn deposition of SSA Gierum sets forth factual allegations that the respondent was in possession of the box cutter and that “Respondent’s argument to the statutory intent is equally unsound.”
Respondent’s argument that the petition is insufficient due to a failure to allege an unlawful use of the box cutter is incorrect as the statute indicates that the mere possession of the box cutter is sufficient to warrant the charge of unlawful possession of a box cutter by a person under 22 years of age in a public place or on school premises; it does not require possession with the intent to use the box cutter unlawfully against another. The original sworn deposition filed with the petition which alleges that “while in the guidance counselor’s office of Flushing H.S., [SSA] saw a box cutter fall out of his [respondent’s] pocket * * * [respondent] then retrieved it, placing it in another rear pocket whereupon the box cutter * * * fell out of [respondent’s] pant leg” sets forth the requisite nonhearsay factual allegation which establishes, if true, each and every element of the crime charged (see Family Ct Act § 311.2 [3]).
The only issue that remains is whether Administrative Code § 10-134.1 (e) constitutes a strict liability offense, the commission of which requires no culpable mental state (Penal Law § 15.10).
Respondent relies on Penal Law § 15.15 (2) which specifically applies to offenses defined both inside and outside of the Penal Law and which states in pertinent part that “A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability” (emphasis added).
The legislative findings in support of Administrative Code § 10-134.1 (e) clearly demonstrate a legislative intent to impose strict liability for the possession of a box cutter on school *716 premises by a person under the age of 22. In enacting the statute, the City Council noted that: “The council hereby finds that the number of school safety incidents which take place in the city’s schools are disturbingly high, and are rising, and that these incidences place students and staff at unacceptable risk of injury and disrupt the learning environment * * * the council further finds that * * * [box cutters] have become the ‘weapon of choice’ in the city’s schools * * * and [that] banning the possession of box cutters by persons under twenty-two years of age on school premises, will significantly help in reducing the number of violent school safety incidents and in ensuring that schools are the safe havens of knowledge and education that children need and deserve.” (Legislative findings, Administrative Code § 10-134.1 [a].)
The City Council does not discuss banning the possession of box cutters that are being used unlawfully or for a criminal purpose. Rather, the banning of possession, on school premises, of box cutters by persons under the age of 22, in and of itself, is proscribed by the statute. The charge is therefore clearly intended by the Legislature to be one of strict liability.
In addition, the City Council enacted Administrative Code § 10-134.1 (f) (1) which provides an affirmative defense to the instant crime. “When * * * an ‘affirmative defense’ is raised at a trial, the defendant has the burden of establishing such defense by a preponderance of the evidence” (see Penal Law § 25.00 [2]). The statute states that it is an affirmative defense that “such person is traveling to or from school premises, where [the box cutter] was or will be used for a valid instructional or school related purpose and used only under the supervision of a school staff member or other authorized instructor, and such person has not displayed the box cutter in a menacing or threatening manner” (see Administrative Code § 10-134.1 [f] [1]). The purpose of the respondent’s possession of the box cutter is therefore not an element of the crime to be proved by the presentment agency, but is rather available (as an affirmative defense) to the respondent whose burden it is to establish the legality of the possession at trial. Based upon the foregoing, respondent’s motion is denied in its entirety.